IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TYRE SMITH : CIVIL ACTION
A/K/A TERIK WILLIAMS :
SURNAME MOSES LEE SMITH :
:
v. :
:
EASTON POLICE DEPARTMENT, et al. : NO. 12-6628

M E M O R A N D U M

JANUARY      , 2013

YOHN, J.

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against the Easton Police Department and the Northampton County Prosecutor's Office. He is alleging, in essence, that he is the victim of a false arrest and a malicious prosecution. In his prayer for relief, he is seeking money damages and to have his criminal record expunged.

## I. STANDARD OF REVIEW

The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(e) was clarified by the Supreme Court in Neitzke v. Williams, 490 U.S. 319 (1989). Dismissal under § 1915(e) is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." Id. at 327.

## II. DISCUSSION

### A. Prosecutorial Immunity

The doctrine of absolute immunity shields prosecutors from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). A prosecutor is absolutely immune

from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." Id. at 410. There is nothing in the complaint to suggest that the Northampton County District Attorney acted outside of the scope of his prosecutorial duties in connection with plaintiff's criminal case. Accordingly, the claims against the Northampton County Prosecutor's Office will be dismissed.

### B. False Arrest Claim

The Supreme Court has held that civil rights claims are most analogous to common law tort actions, and are subject to the state statute of limitations for personal injury actions. See Owens v. Okure, 488 U.S. 235 (1989). The Pennsylvania statute of limitations on a personal injury action is two years. See 42 Pa. Cons. Stat. Ann. § 5524. The two year statute of limitations on a false arrest claim begins to run when an individual is arraigned or otherwise bound over for trial. See Wallace v. Kato, 549 U.S. 384 (2007). Plaintiff alleges that he was falsely arrested on March 6, 1993. He filed this civil action on November 27, 2012. Therefore, he is now time barred from bringing his false arrest claim.

### C. Malicious Prosecution Claims

Plaintiff's malicious prosecution claims are not cognizable under § 1983. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Plaintiff is seeking damages for constitutional violations that, if proven, would necessarily render his conviction and related imprisonment invalid. However, he does not state that his conviction has been reversed or otherwise invalidated.[1]

### D. Expungement of Criminal Record

Finally, plaintiff is requesting that his criminal record be expunged. Such a request may not be brought through a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475 (1973).

## III. CONCLUSION

Plaintiff has advanced an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Accordingly, dismissal of this complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate.

---

[1] Plaintiff's allegations concern his arrest and conviction from 1993. It appears from the complaint that plaintiff completed his sentence for the 1993 conviction and was released from custody, and now is currently back in custody for an unspecified reason. The Third Circuit has held that Heck applies even when habeas relief is no longer available because the plaintiff is no longer in custody. Connolly v. Arroyo, 293 F. App'x 175, 178 (3d Cir. 2008) (citing Williams v. Consovoy, 453 F.3d 173, 178 (3d Cir. 2006)). Thus, although plaintiff may no longer be in custody for his 1993 conviction, he is still unable to recover damages based on his 1993 arrest and conviction.